United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. BRUCE PATTERSON, M.D., | No. C 09-2741 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING DEFENDANTS' MOTION TO TRANSFER AND CONSOLIDATE PROCEEDINGS** |
| v. | |
| JOHN DREWS, INVIRION DIAGNOSTICS LLC, *et al.*, | |
| Defendants. | |

Plaintiff's motion for remand and defendants' motion to transfer and consolidate proceedings are scheduled for a hearing on August 14, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument. For the reasons set forth below, the Court concludes that it lacks jurisdiction over this case, and thus GRANTS plaintiff's motion for remand, REMANDS this case to the Superior Court of the State of California, County of Santa Clara, and DENIES defendant's motion to transfer and consolidate proceedings.

**BACKGROUND**

On May 21, 2009, plaintiff Dr. Bruce Patterson filed this lawsuit in the Superior Court of the State of California, County of Santa Clara, against defendants John Drews, Invirion Diagnostics LLC ("Invirion") and Invirion Spain LLC ("Invirion Spain"). Invirion and Invirion Spain are limited liability companies of which Patterson and Drews are the sole members. The complaint alleges that in 2000, Patterson started a business called Invirion, Inc., a medical services company that sold HIV and HPV testing kits. Compl. ¶ 6. Patterson obtained several patents for his testing methods. *Id*. In or around

**United States District Court**
For the Northern District of California

2004, after Invirion, Inc. became involved in a dispute with a third party, Patterson hired defendant Drews, an attorney, to provide legal services regarding the dispute. *Id.* ¶ 8. Drews continued to provide legal services for Patterson, and in or around the Fall of 2005, Drews prepared articles of incorporation for Invirion and Invirion Spain. *Id.* ¶ 19. Patterson alleges that Drews did not provide a copy of the documents to him or request that Patterson sign the documents, and that Drews filed the articles of incorporation with the Illinois Secretary of State without Patterson's signature or review. *Id.* The complaint alleges that Patterson repeatedly requested a copy of the corporate organization documents and that Drews ignored these requests. Plaintiff alleges that when he finally saw the documents in 2007, he discovered that the agreements purported to provide Drews with a fifty percent share of all profits from Invirion and Invirion Spain. *Id.* ¶ 21. Plaintiff alleges that he refused to sign the agreements because he never intended, and Patterson and Drews never agreed, that Drews would share in fifty percent of the profits from the two companies. *Id.* The relationship between Patterson and Drews continued to deteriorate, and by May 2009, Patterson and Drews had filed lawsuits against each other regarding Invirion, Invirion Spain, and the patents.

The complaint alleges the following claims: (1) violations of the California Corporate Code and Illinois Business Corporations Act, (2) breach of fiduciary duty, (3) declaratory judgment regarding Patterson's ownership of certain patents, (4) declaratory judgment to dissolve Invirion and Invirion Spain, and (5) accounting. On June 19, 2009, defendants removed this case to this Court on the ground that plaintiff's claim for declaratory relief of ownership of the patents arises under federal law. Now before the Court are plaintiff's motion for remand and defendants' motion to transfer this case to the Northern District of Illinois for consolidation with an earlier-filed lawsuit that Drews filed against Patterson.[1]

---

[1] Mr. Drews filed his lawsuit on May 9, 2009. His original complaint asserted diversity jurisdiction, and alleged solely state law claims against Patterson, including a claim for declaratory judgment that Invirion owns the patents at issue. Patterson moved to dismiss the Illinois case for lack of jurisdiction, and Drews filed an amended complaint alleging federal claims for patent infringement and Lanham Act violations. Patterson has moved to dismiss the amended complaint on the grounds that a party cannot recast a patent ownership dispute into patent infringement and Lanham Act claims. The Northern District of Illinois has indicated that it will not rule on Patterson's motion to dismiss until November 4, 2009, at the earliest.

2

## LEGAL STANDARD

A defendant may remove any civil action brought in a state court over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Original federal jurisdiction embraces an action founded on federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a), (b). A defendant must remove within thirty days of receiving plaintiff's initial pleading or, where the case is not removable based on the initial pleading, within thirty days of receiving an amended pleading, motion, order or other paper from which it may first be ascertained that the case has become removable. 28 U.S.C. § 1446(b). Federal law expressly provides that a district court shall remand any action in which subject-matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," courts must strictly construe the removal statute against removal jurisdiction. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)); *see also Petrie v. Pacific Stock Exch., Inc.*, 982 F. Supp. 1390, 1393 (N.D. Cal. 1997) ("[T]he court must reject federal jurisdiction if there is any doubt as to whether removal was proper."). The burden of establishing grounds for federal jurisdiction rests on the removing party. *Emrich v. Touche-Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[T]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

## DISCUSSION

Plaintiff contends that this Court lacks jurisdiction because he alleges only state law claims and the parties are not diverse. Defendants assert that plaintiff's declaratory relief claim regarding ownership of the patents confers federal question jurisdiction, and that this Court should transfer this case to the Northern District of Illinois for consolidation with Drews' earlier-filed case.[2] The Court addresses the jurisdictional question first because the Court must have jurisdiction over this case in order to consider defendants' motion to transfer and consolidate.

---

[2] Because the Court concludes that it lacks jurisdiction, the Court does not address the parties' arguments about whether the Illinois action is truly the "first filed."

3

Defendants removed this action on the ground that plaintiff's claim for declaratory judgment of ownership of certain patents arises under federal law. Defendants contend that plaintiff has engaged in artful pleading, and that while the claim alleged is for declaratory judgment of ownership of the patents, in reality plaintiff is alleging patent infringement. Although defendants wish to recast plaintiff's declaratory relief claim as one involving patent infringement, the complaint only seeks a judgment of patent ownership:

> Prior to Invirion's existence and without any involvement by Mr. Drews, Dr. Patterson obtained patents for his technology, which are on file with the U.S. Patent Office. Dr. Drews never assigned or sold his patents to Invirion, Invirion Spain, or Mr. Drews.
>
> An actual and ripe controversy exists between the parties in that Mr. Drews, on behalf of himself and/or Invirion, has claimed an ownership interest in Dr. Patterson's patents and has further instructed K&L Gates to refuse to turn over the legal files they possess regarding Dr. Patterson's patents, without legal authority.

Compl. ¶¶ 41-42.[3] The complaint seeks a declaratory judgment that Dr. Patterson is the sole owner of the patents in his name, and that Dr. Patterson has a legal right to the files that K&L Gates currently maintains concerning his patents. *Id.* ¶ 43. Contrary to defendants' assertions, there is no language in the complaint suggesting that plaintiff's declaratory relief claim involves questions of infringement.

The Ninth Circuit has held that "[c]laims concerning patent ownership do not create federal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1264 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *see also Beghin-Say Int'l Inc. v. Rasmussen*, 733 F.2d 1568, 1570 (Fed. Cir. 1984) (affirming dismissal for lack of jurisdiction and holding "[t]hat the involved contracts may or may not constitute agreements to assign future patent applications does not convert a contract dispute cognizable in state courts to a federal question appropriate for determination in a federal court. . . . [Courts] have consistently held for over 130 years that contract disputes involving patents do not arise under any Act of Congress relating to patents, as required by 28 U.S.C. § 1338(a).") (internal citations omitted). As

---

[3] According to the complaint, K&L Gates is plaintiff's former patent counsel. The complaint alleges upon information and belief that Drews falsely represented to K&L Gates that Drews and/or Invirion owns plaintiff's patents, and that Drews has instructed K&L Gates not to forward plaintiff's patent files to plaintiff's new patent counsel. Compl. ¶ 30.

4

in *Prize Frize* and *Beghin-Say International, Inc.*, the claim here only involves questions of patent ownership, and "[n]o question under the patent laws (e.g., patent validity, patent infringement, fraud upon the PTO, patent-antitrust) is present in or arises out of the allegations in the complaint." *Beghin-Say*, 733 F.2d 1570-71.

Although plaintiff cited *Prize Frize* and other on-point authority in the motion for remand and opposition to defendants' motion to transfer, defendants do not address these cases. Instead, defendants rely on inapposite cases where the claim alleged was not one of patent ownership, but of infringement, inventorship, or related to patent prosecution. *See, e.g.*, *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377-80 (Fed. Cir. 2005) (state law unjust enrichment claim regarding inventorship of patent preempted by federal patent law); *Handgards, Inc. v. Ethicon, Inc.*, 743 F.2d 1282, 1285-86 (9th Cir. 1984) (addressing whether Ninth Circuit or Federal Circuit has jurisdiction over case involving claims of patent infringement and antitrust claim of bad faith patent prosecution). Indeed, several of the cases cited by defendants support plaintiff's contention that there is no jurisdiction here. *See Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979) ("Commercial agreements traditionally are the domain of state law. State law is not displaced merely because the contract relates to intellectual property which may or may not be patentable; the states are free to regulate the use of such intellectual property in any manner not inconsistent with federal law.").

Defendants also contend that plaintiff's claim for declaratory judgment of patent ownership is a compulsory counterclaim to defendants' patent infringement claims alleged in the Illinois action. However, removal must be based on original jurisdiction over the claims alleged, not supplemental jurisdiction over counterclaims. Section 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed. 28 U.S.C. § 1441(a). Jurisdiction over compulsory counterclaims based on state law lies solely within a court's supplemental jurisdiction when there is no diversity jurisdiction. *See* 28 U.S.C. § 1367(a); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) ("the supplemental jurisdiction statute is not a basis for removal").

Finally, defendant invokes the "first to file" rule and argues that this Court should "defer" to the Illinois District Court by denying remand and transferring this case to Illinois. However, the "first to

5

file" rule is a doctrine allowing a district court to transfer, stay or dismiss a complaint over which it does have jurisdiction when a similar complaint has been filed in another district court, *Alltrade Inc. v. Uniwield Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). The "first to file" rule is not an independent source of jurisdiction, and only becomes relevant if the transferor court has jurisdiction over the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" ) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for remand and REMANDS this case to the Santa Clara County Superior Court. The Court DENIES defendants' motion to transfer and consolidate proceedings. (Docket Nos. 15 & 16). The Court DENIES plaintiff's request for fees and expenses, although it is a close question.

**IT IS SO ORDERED.**

Dated: August 11, 2009

SUSAN ILLSTON
United States District Judge